IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

COREY BARNETT #R5905                                                              PETITIONER

versus                                                        CIVIL ACTION NO. 2:05cv2081-KS-MTP

D. ANDERSON, Warden; and
JIM HOOD, Attorney General                                                       RESPONDENTS

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Petition of Corey Barnett for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [1] and Respondents' Motion to Dismiss Pursuant to § 2244(d) [8]. Having considered the respondents' motion and the petitioner's response [9], along with documents made a part of the record of this case and the applicable law, the undersigned recommends that Respondents' Motion to Dismiss be granted.

**FACTS AND PROCEDURAL HISTORY**

During the September 1997 term, the Grand Jury of Perry County indicted Petitioner Corey Barnett on the charge of armed robbery. (Exhibit C at 1)[1]. On February 17, 1998, a jury found him guilty of that offense, and he was sentenced to a term of forty-five years. (Exhibit D at 2, 3). At that time, his attorney made an *ore tenus* motion for reconsideration of the sentence and filed a motion for new trial. (*Id.* at 2). With the motions still pending, on February 25, 1998 Barnett entered a guilty plea and was sentenced to twenty years in the custody of the Mississippi Department of Corrections. (Exhibit A). On August 30, 2000, Barnett filed in the supreme court an "Application for Leave to Proceed in the Trial Court." (Exhibit E). On September 6, 2000, the supreme court dismissed the application as having been improperly filed in that court. (Exhibit F). On February 26, 2001, he filed a motion for post-conviction collateral relief in the Circuit Court of Perry County

---

[1] Unless otherwise noted, references are to exhibits to Respondents' Motion to Dismiss.

but then appears to have withdrawn it on September 21, 2003 when he filed a "Motion to Strike the Pending Post-Conviction Alternatively with a Motion to Withdraw Guilty Plea." (Exhibits G and H).  The trial court treated the motion as one for post-conviction collateral relief and denied it on October 11, 2004.  (Exhibit C).  Barnett then filed  motions "of appeal" in the supreme court on August 19 and September 26, 2005.  (Exhibits I and J).  These motions were denied on September 27, 2005 and October 25, 2005, respectively.[2]

Barnett submitted his Petition for Writ of Habeas Corpus sometime between October 3, 2005, the date he signed it, and October 7, 2005, the date it was stamped "filed."  The respondents contend that Barnett's petition was not timely filed and that it should accordingly be dismissed.  In his response, Barnett offers no explanation for his failure to apply for federal habeas relief within the applicable limitation period.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435, 436 (5th Cir. 2003).  A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).

Although Miss. Code Ann. § 99-35-101 specifies that there is no direct appeal from a guilty plea,  the Mississippi Supreme Court has carved out an exception, allowing an appeal from a guilty plea within thirty days when the issue concerns an alleged illegal sentence.  *See Berry v. State,* 722

---

[2] *See* Respondent's Motion at n. 5 referencing Exhibits K and L.  In his petition, Barnett addresses the September 2005 denial but does not mention the second motion or its denial.  *See* petition at page 4.

So. 2d 706 (Miss. 1998).  Barnett did not perfect such an appeal. Therefore, his judgment became final–and the statute of limitation for federal habeas relief began to run–on March 27, 1998, giving him until March 29, 1999 [3] to file his petition.  However, he did not "file" his petition until, at the earliest, October 3, 2005,[4] more than <u>six years</u> after the federal statute of limitation had expired. Based on the foregoing, Barnett's federal petition for habeas corpus is barred by the one-year statute of limitation unless he is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between March 27, 1998 and Barnett's filing of his federal petition for habeas corpus on October 3, 2005 is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in which "a properly filed application for State post-conviction or other collateral review" remains pending.  As noted above, Barnett filed post-conviction documents in 2001 and in 2003.  However, those documents cannot toll the one-year limitation period described in section 2244(d)(2) as they were filed long after Barnett's federal filing deadline had passed and therefore are not within the contemplation of that section's tolling provision.  The plain wording of section 2244(d)(2) specifies tolling only for a "pending" properly filed application. *See Flanagan v. Johnson,* 154 F.3d 196, 199 & n.1 (5th Cir. 1998).  As Barnett filed his petition for writ of habeas corpus years after the deadline had passed and as he has not set forth any facts which would constitute such "rare and exceptional" circumstances sufficient to warrant equitable tolling of the limitation period,[5] his petition is barred

---

[3]March 27, 1999 was a Saturday, giving Barnett until Monday, March 29, to file the petition.

[4] The mailbox rule tolls the statute of limitations when the petition is delivered to prison officials for mailing.  *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999).

[5] Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).  Even excusable neglect will not suffice. *Id.* at 514.

3

by section 2244(d).

## CONCLUSION

Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Barnett had until March 29, 1999 at the latest to file a federal petition for a writ of habeas corpus. As he did not file his petition until October 3, 2005, he cannot avoid the statutory bar.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the respondents' Motion to Dismiss [8] should be GRANTED and that Barnett's Petition for Writ of Habeas Corpus should be dismissed.

In accordance with the rules, any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 20th day of August, 2006.

s/ Michael T. Parker  
United States Magistrate Judge