IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

COREY BARNETT

VS.                                                         CIVIL ACTION NO. 2:05cv2081-KS-MTP

D. ANDERSON, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S
RECOMMENDATION AND DISMISSING PETITION WITH PREJUDICE

This cause is before the Court on Report and Recommendations of U.S. Magistrate Judge Michael T. Parker filed August 20, 2006, regarding the petition of Corey Barnett for [1] *Writ of Habeas Corpus* filed pursuant to 28 U.S.C. § 2254, [17] Objection to said Report and Recommendation, and the Court after considering same finds that the Report and Recommendation of the U.S. Magistrate Judge should be accepted and the petition dismissed for the following reasons, to-wit:

In February of 1998 Barnett was convicted in the Circuit Court of Perry County for the offense of armed robbery. Following post trial motions, Barnett entered a plea of guilty on February 25, 1998, and was sentenced to twenty years in the custody of the Mississippi Department of Corrections.  The original petition herein was filed on October 7, 2005.  The defendants have filed a [8] Motion to Dismiss pursuant to § 2244(d).

STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also, *Longmire v. Guste*, 921 F. 2d 620, 623 (5th Cir. 1991) (party is "entitled to a *de novo* review by an Article III

judge as to those issues to which an objection is made.") Such a review means a court will examine the entire record, and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Keotting v. Thompson*, 995 F. 2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission,* 834 F. 2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F. 3d 290, 293 (5th Cir. 1993).

## PETITIONER'S OBJECTIONS

Barnett objects in a long, rambling objection that is styled "Motion for Relief From Indictment" and seems to be a request for a certificate of appealability. He additionally cites other law and facts that are irrelevant to the Report and Recommendation. In the Objection he also seems to state that there was some difficulty with the mail and even alleges an ineffective assistance of counsel claim.

## ANALYSIS

Barnett has been confronted by the Magistrate Judge's Report and Recommendations regarding the one year time bar provided by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). He is required to file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) *Egerton v. Cockrell*, 334 F. 3d 433, 435, 436 (5th Cir. 2003). Since Barnett entered a guilty plea from which there was no appeal, the state judgment becomes final thirty days from the date of his sentence. The one year statute for federal habeas relief began to run on March 27, 1998, and concluded March 29, 1999. His petition was not filed

until October 3, 2005, more than six years after the federal statute of limitations had expired. During the interim period - between March 29, 1999 and October 3, 2005, there were several attempts to file some sort of post conviction petition, which was never properly filed nor considered by the state Supreme Court. The post conviction petitions were dismissed shortly after they were filed.  Barnett makes no reasonable attempt to address the tolling provisions of § 2244 and this Court finds that there has been no reason shown by Barnett that would prevent the one year bar from applying to his petition.

## CONCLUSION

As required by 29 U.S.C. § 636(b)(1), this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection as they are relevant to the Report and Recommendation. For the reasons set forth above, this Court concludes that Corey Barnett's objections lack merit and should be overruled.  This Court further concludes that the Report and Recommendation of the United States Magistrate Judge is an accurate statement of the facts and a correct analysis of the law in all regards. This Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report  and Recommendation.

Accordingly, it is ordered that the petition filed herein be and the same is hereby dismissed with prejudice.

A separate judgment will be entered herein in accordance with this order as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 13th day of September, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE